# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAMAR BROWN,                          )
         Plaintiff,              )          Civil Action No. 14-109Erie
                       )
         v.                        )          Magistrate Judge Baxter
                       )
FOX, et al,                           )
         Defendants.             )


## MEMORANDUM OPINION AND ORDER[1]

M.J. Susan Paradise Baxter


      Plaintiff, currently a state prisoner at SCI Albion, filed this action in the Erie County Court of Common Pleas. Thereafter, the action was removed from the Court of Common Pleas to this Court by Defendants. The basis of Defendants' removal was that the complaint "purports to raise civil rights claims for excessive force, deliberate indifference and retaliation, negligence, assault and battery; asserting claims under Federal and state law." ECF No. 1, page 1.


### The Allegations of the Original Complaint

      Named as Defendants to this action are: Fox, Morendo, Lt. John Doe, Sgt. O'Brien, Dunmire, Streichart, and Correctional Officer John Doe 2, all of whom are prison staff at SCI Albion. Although Plaintiff organizes his original complaint into three separate counts (entitling them as Count I – Assault and Battery; Count II – Assault and Battery; and Count III – Willful Misconduct, with all three counts directed against Defendants Fox and Morendo), his original

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

complaint is full of numerous other claims directed against all the named Defendants. Because Plaintiff is a *pro se* litigant[2], this Court will review the allegations of the original complaint and outline the allegations against each Defendant.

*Defendants Fox and Morendo*

Plaintiff alleges that on the morning of April 9, 2013, Defendants Fox and Morendo assaulted him or used excessive force against him by slamming his face and head into a metal fence and/or door. Plaintiff was then taken to the Medical Department where his injuries were treated and documented.[3] Following his treatment in the Medical Department, Plaintiff was escorted to the Restricted Housing Unit ("RHU"). Plaintiff claims that this assault by Fox and Morendo was in retaliation for the filing of a lawsuit against other Department of Corrections employees at SCI Somerset. ECF No. 1-1, ¶ 96, 98.

On June 7, 2013, Plaintiff was released from RHU. Since his release therefrom, Plaintiff alleges that Fox and Morendo have created a "campaign of harassment" against him in retaliation for filing grievances about the April 9th incident. Id. at ¶ 51.

Plaintiff claims that the actions of Fox and Morendo violate the Eighth and Fourteenth Amendments. Id. at ¶ ¶ 95-98.

---

[2] *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same).

[3] Plaintiff does not complain about the medical treatment he received.

*Defendants Lt. John Doe and Sgt. O'Brien*

Lt. John Doe and Sgt. O'Brien were responsible for assigning Plaintiff to a psychological observation cell in RHU, despite there being no legitimate reason for such a placement and other regular RHU cells were available. Id. at ¶ ¶ 65-71. Plaintiff claims this cell assignment was retaliatory. Id. at ¶ 99. Due to his placement in the psychological observation cell in RHU, Plaintiff's food trays were limited in size and he was thereby deprived of nutritionally adequate meals. Id. at ¶ ¶ 73 – 80.

*Defendant Dunmire*

In April of 2013, Defendant Dunmire did not give Plaintiff grievance forms in order to report the physical abuse by staff members. Id. at ¶ 72. Plaintiff claims that this conduct violated his right to freedom of speech and right to redress of grievances under the First Amendment and due process under the Fourteenth Amendment. Id. at ¶ 100.

*Defendants Striechert and Correctional Officer John Doe*

Due to the negligence of these two Defendants, two of Plaintiff's personal photo albums were lost, depriving him of his personal property. Id. at ¶ ¶ 81-89, 102.

**Procedural History**

Following removal to this Court, Defendants filed a motion to dismiss in response to the original complaint. Defendants' motion to dismiss seeks dismissal of the entire action on the basis of sovereign immunity and qualified immunity. ECF No. 8. More specifically, Defendants argue that state sovereign immunity bars Counts I, II, and III against Defendants Fox and

Morendo because they are state law claims and sounding in tort. ECF No. 9. Defendants also summarily argue that they are all entitled to qualified immunity[4]. Id.

Despite expressly moving for dismissal of the entire action, the motion to dismiss is limited to a discussion of the "assault and battery" and "willful misconduct" claims against Fox and Morendo. Defendants fail to address any of Plaintiff's federal constitutional claims.[5] Defendants' motion to dismiss will be dismissed without prejudice.

In opposition to the motion to dismiss the original complaint, Plaintiff filed a proposed amended complaint. ECF No. 12. The original complaint and the proposed amended complaint are almost identical. See id. at ¶¶ 5, 6, 27, 28, and 90(d).

Plaintiff has also filed a Request for Entry of Default and a Motion for Default Judgment based upon Defendants' failure to answer the proposed amended complaint. ECF No. 13, ECF No. 14. Plaintiff's supposition that Defendants were under an obligation to respond to the proposed amended complaint is erroneous because the proposed amended complaint was not deemed filed by this Court. Plaintiff's motion for default judgment will be denied.

An appropriate Order follows.

---

[4] The entirety of Defendants' argument in support of qualified immunity reads:

> "The Department of Corrections Defendants were acting within the course and scope of their employment in the care, custody, and control of inmates at SCI Albion. Department of Corrections Defendants did not knowingly violate Plaintiff's rights when they responded to another officers' call to assist with inmates fighting in the yard. They were acting under their duty of care, custody and control of inmates when they escorted Plaintiff to the RHU following his fight with another inmate in the yard."

ECF No. 9, page 10.

[5] It is interesting to note that Defendants recognized Plaintiff's federal constitutional claims when removing this matter to federal court, yet focused only on the state law claims when moving for dismissal.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAMAR BROWN,                          )
       Plaintiff,                     )          Civil Action No. 14-109Erie
                                     )
       v.                             )          Magistrate Judge Baxter
                                     )
FOX, et al,                           )
       Defendants.                    )

## O R D E R

AND NOW, this 17th day of March, 2015;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 8] is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion for default judgment [ECF No. 14] is DENIED.

IT IS FURTHER ORDERED that the proposed amended complaint [ECF No. 12] is deemed filed. In response to the amended complaint, Defendants may file an answer or motion to dismiss before April 3, 2015. Defendants should take care to address all the allegations of the amended complaint.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge