## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAMAR BROWN,               )
       Plaintiff            )
                             )      **C.A.No. 14-109ERIE**
vs.                        )
                             )
FOX, et al,                )
       Defendants.       )

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter[1]

      Presently before this Court is Plaintiff's Motion for Reconsideration of the Memorandum Opinion and Order granting partial summary judgment in favor of Defendants. ECF No. 118.

### I.    Relevant Procedural History

      Plaintiff, currently an inmate incarcerated within the Pennsylvania Department of Corrections, filed this action in the Erie County Court of Common Pleas. Thereafter, Defendants removed the action to this Court. As Defendants to the action, Plaintiff originally named Department of Corrections employees Fox, Morendo, Lt. John Doe, Sgt. O'Brien, Dunmire, Streichart, and John Doe 2. Plaintiff alleged that these Defendants violated his state and federal rights in various ways.

      By Memorandum Opinion and Order dated May 12, 2017, this Court granted a motion for partial summary judgment in favor of Defendants on several claims including a state tort

---

[1] The parties consented to having a United States Magistrate Judge exercise jurisdiction over this matter in accordance with the provisions of 28 U.S.C. § 636, et seq. ECF No. 3; ECF No. 4. When this case was initiated and originally assigned by the Clerk of Courts, the undersigned was a Magistrate Judge. However, on September 14, 2018, the undersigned was elevated to the position of United States District Judge and the case remained assigned to her.

assault and battery claim against Fox and Marendo relating to an April 9, 2013 incident and state tort/negligence claims against Streichart for the loss of two photo albums. ECF No. 111. Summary judgment was granted on the assault and battery claim based upon the bar of sovereign immunity, while summary judgment was granted in favor of Streichart as to the negligence claim based upon Plaintiff's failure to exhaust in accordance with the requirements of the Prison Litigation Reform Act. ECF No. 110, pages 9-10. Judgment was granted in favor of Defendants Lt. John Doe, Dunmire, Streichart, and John Doe 2 and these Defendants were terminated from the docket. As noted in that Opinion, Defendants did not move for summary judgment on two other claims (an excessive force claims against Fox and Morendo arising out of the April 9, 2013 incident and a retaliation claim against O'Brien based on Plaintiff's placement in a hard cell) and trial would be scheduled on those claims. Id. at fn.2.

Plaintiff, now represented by counsel, seeks reconsideration of that decision and seeks to have the state law claims of negligence and assault and battery revived. ECF No. 118. Defendants filed an untimely brief opposing the motion for reconsideration [ECF No. 121] and Plaintiff filed a Reply brief [ECF No. 122].[2]

## II. Standard of Review

Motions for reconsideration are not explicitly recognized by the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). However, a motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule 59(e) or as a motion for relief from judgment under Federal Rule 60(b). Id. See also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (recognizing that a

---

[2] Plaintiff has also filed a Response to the Concise Statement of Materials Facts. ECF No. 119.

2

motion for reconsideration is usually the "functional equivalent" of a motion to alter or amend judgment under Rule 59(e)).

"'Because federal courts have a strong interest in finality of judgments,'" "[m]otions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly." Jacobs v. Bayha, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa.1995). Furthermore, Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).

The moving party bears a heavy burden to demonstrate that any order should be reconsidered and the Court will only grant such a motion if the moving party shows:

> (1) an intervening change in the controlling law;
>
> (2) the availability of new evidence which was not available when the court issued its order; or
>
> (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.

Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999).

## III.   Plaintiff's Motion for Reconsideration

Plaintiff moves for reconsideration so as to prevent "manifest injustice." ECF No. 120, page 4. Plaintiff reasons that this Court should reconsider its prior grant of partial summary judgment because the decision was based, at least in part, upon Plaintiff's failure to file a brief in opposition to Defendants' motion. Plaintiff asserts that his failure to file an opposition brief should be excused due to his erroneous belief that a motion for extension of time was pending

3

and that he should now be allowed to make his arguments opposing the motion for summary judgment.

Defendants filed their motion for partial summary judgment on November 21, 2016 [ECF No. 103] and this Court directed Plaintiff to file an opposition thereto before December 9, 2016 [ECF No. 107]. On December 14th, Plaintiff requested an extension of time in which to file his opposition and that request was granted making Plaintiff's opposition due on January 17, 2017. ECF No. 109. In his affidavit, Plaintiff swears that he filed a second motion for extension of time on January 17, 2017, requesting additional time in which to file his opposition to the partial motion for summary judgment. In support of this claim, Plaintiff has submitted a copy of the motion for extension of time, dated January 17, 2017, in which he explains that he needs more time to "**finish** his document" "due to the few holidays that have occurred during December and January and prison lockdowns [during which] the prison's law library has been close quite often." ECF No. 118-1, page 3 (emphasis added). Additionally, Plaintiff submitted a Cash Slip for postage to the undersigned dated January 17, 2017, which further bolsters his contention that he attempted to mail a motion for extension of time.

However, the docket reflects that the Court did not receive the second request for extension of time. Plaintiff argues that because he followed proper procedures for filing the second request for extension of time, he believed the motion was properly filed and based on his past experience, he believed the motion would be granted. Then, "as a result," Plaintiff "waited until hearing from the Court before filing a response to Defendants' motion for summary judgment." ECF No. 118-1, ¶ 6. Plaintiff would have this Court believe that because he did not hear back from the Court with an answer on his second request for extension of time, he did not file his opposition brief. Despite Plaintiff's prior experience with this Court's quick resolution of

4

motions for extension of time, Plaintiff did nothing from January until mid-May. It is a plaintiff's responsibility to prosecute his own case and here, Plaintiff should have inquired as to the status of his second motion for extension of time. He could have done so by a letter to the Clerk of Courts or to the undersigned, by a request for a copy of the docket sheet, or by way of another motion. Furthermore, Plaintiff could have filed his opposition at any point during those four months before the Opinion and Order were issued on May 12, 2017. Plaintiff's inaction during this time period is especially glaring when viewed against the entire docket as Plaintiff actively participated in this case as a *pro se* litigant.

So, now after the *pro se* Plaintiff sat on his rights for months, counsel for Plaintiff requests that this Court excuse Plaintiff's failure to file an opposition brief and to reconsider the motion for summary judgment with Plaintiff's arguments in opposition, along with a Response to the Concise Statement of Material Facts. Plaintiff has not carried his heavy burden to justify reconsideration of this Court's prior decision. United States v. Kubini, 2018 WL 4282852, at *9 (W.D. Pa. 2018) (internal citation omitted) ("Manifest injustice is a high burden for any party to meet. [...] in applying such a demanding standard, courts have consistently used a scrutinizing hand."). To be clear, whether or not Plaintiff attempted to file the second request for additional time is not the focus of this Court. Instead, it is Plaintiff's inaction during this time that fails to meet the standard of manifest injustice. See Coulter v. Unknown Probation Officer, 2013 WL 3863938, at *2 (M.D. Pa. 2013) citing McDowell Oil Serv. Inc. v. Interstate Fire & Cas. Co., 817 F.Supp. 538, 541 (M.D. Pa. 1993) ("[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."); Kubini, 2018 WL 4282852, at *9, quoting Rose v. Alternative Ins. Works, LLC, 2007 WL

2533894, at *1 (D.N.J. 2007) (manifest injustice "generally ... means that the court overlooked some dispositive fact or legal matter that was presented to it.").

Nevertheless, even apart from Plaintiff's inaction and request to be excused therefrom, his present arguments in support of reviving his state tort claims of negligence and assault and battery bear no fruit.

In regard to the negligence claim based on the loss of photo albums (which was previously deemed unexhausted), Plaintiff argues that because the Department of Corrections resolved the merits of the grievance, the state waived the defense of untimeliness. However, the record reflects that Plaintiff's pursuit of relief at Grievance 466778 was untimely at each of the three levels of review. In other words, Plaintiff filed his initial grievance in an untimely manner and Plaintiff filed both of his two appeals beyond the time period in which the DC-ADM requires the appeal to be made. **Each** of Plaintiff's filings was untimely in its own regard.[3] While the Department of Corrections denied the initial untimely grievance and the first untimely appeal on their merits despite their untimeliness, it dismissed the final appeal (which was also itself untimely) because it was untimely and because it failed to have the correct supporting documentation. Because Plaintiff did not properly exhaust his administrative remedies, there is no basis for the revival of this claim.

---

[3] Under DC-ADM 804, a prisoner must submit an initial grievance within fifteen days of the incident. The incident at issue here happened on April 9, 2015 and Plaintiff filed his grievance on June 27th. An inmate must submit a written appeal to intermediate review within ten working days of the decision on the initial grievance; Plaintiff filed his untimely appeal on August 15th, despite receiving the denial of his initial grievance on July 25th. An inmate's final appeal must be submitted to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"), within fifteen working days of the denial of the intermediate appeal. Plaintiff filed his untimely appeal on September 24th, despite receiving the denial of the intermediate appeal on August 29th. See ECF No. 105-5, ¶¶ 11-16.

In regard to the assault and battery claim, Plaintiff argues that such a claim is not barred

by the sovereign immunity generally attached to Fox and Morendo as Department of

Corrections' employees because they acted outside the scope of their employment. However, the

affidavits of inmates Willie Travis and Christopher Brown (attached to the pro se amended

complaint) demonstrate that the April 9th incident began when Fox and Morendo attempted to

break up a fight on a crowded walkway. ECF No. 12, pages 20, 25. As such, Fox and Morendo

are entitled to the protections of sovereign immunity as they were acting within the scope of their

employment in attempting to defuse a potentially volatile situation. See Ortiz v. Baird, 2013 WL

1290555, at *9 (W.D. Pa. 2013) ("It cannot be disputed that it is the responsibility of prison

guards to maintain order and discipline as well as the safety and security of the guards, inmates,

and the facility as a whole.").

Finally, Plaintiff contends that there are three claims that remain in this case as

Defendants have not yet addressed them by way of any dispositive motion: 1) a retaliation claim

against Fox and Morendo based on the April 9, 2013 incident; 2) a state law conspiracy claim;

and 3) a Fourteenth Amendment equal protection claim. ECF No. 122, page 3.[4] The viability of

---

[4] Plaintiff cites to the following allegations from the amended complaint as supporting each of
these claims.

- Retaliation and state conspiracy claims

    "Fox and Morendo agreed to assault Plaintiff in retaliation for filing a lawsuit
    against other Department of Corrections employees at SCI Somerset which
    constitutes the state law claim of conspiracy under the law of Pennsylvania." [¶
    96]; and "The actions of Defendants Fox and Morendo assaulting Plaintiff for
    filing a lawsuit on other Department of Corrections employees at SCI Somerset,
    constitutes retaliation for using the court system in violation of the First
    Amendment of the United States Constitution." ¶ 98.

- Equal protection claim

    "Plaintiff being served nutritionally inadequate meals while housed in the
    psychological observation cell that were smaller portions than the regular RHU
    meal trays constituted cruel and unusual punishment in violation of the Eighth
    Amendment and the Equal Protection Clause under the Fourteenth Amendment of
    the United States Constitution." ¶ 101.

these potential claims will be discussed at the upcoming status conference which will be set by separate order.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**LAMAR BROWN,**
    **Plaintiff**

       **C.A.No. 14-109ERIE**

**vs.**

**FOX, et al,**
    **Defendants.**

       **District Judge Baxter**

## ORDER

AND NOW, this 7th day of January, 2018;

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [ECF No. 118] is

DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for status conference [ECF No. 125]

is GRANTED. A status conference will be set by separate Order of this Court.


           /s/ Susan Paradise Baxter
           SUSAN PARADISE BAXTER
           United States District Judge

1